IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jacoby Jamar Gregory, #243322-223, | C/A No. 6:15-54-TMC-JDA |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Gilbert Simms; Scott Hawkins; Anthony Morton; Fountain Inn Police Department; Leigh B. Paoletti; Greenville County Solicitors Office; Greenville County Detention Center; City of Fountain Inn, | |
| Defendants. | |

Jacoby Jamar Gregory ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently detained in the Greenville County Detention Center ("GCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff claims many legal violations arising from the criminal process and proceedings and his jail conditions based on the following alleged facts. On October 3, 2013, Gilbert Simms ("Simms"), an officer with the Fountain Inn Police Department ("FIPD"), went to Chantee Nelson's house (Plaintiff's girlfriend) and obtained a written statement from her. [Doc. 1 at 4.] Simms used the girlfriend's [phone] number for personal reasons, told her confidential information, attempted to become sexual with her, and persuaded her not to say anything about his conduct. [*Id.*] Simms "intimidated potential witnesses that came to file statements in [Plaintiff's] defense." [*Id.*] Scott Hawkins ("Hawkins"), an officer with the FIPD, also used Nelson's number to attempt to obtain

information about Plaintiff's case "or anything else." [*Id.*] Hawkins told Nelson that "the police department was aware [Plaintiff] didn't commit the crime but someone had to be an example," and he disclosed information to her about Plaintiff's co-defendant and his lawyer. [*Id.*] Further, Hawkins forced Plaintiff into writing a statement. [*Id.*]

Anthony Morton ("Morton") is the Chief of the FIPD. [*Id.*] He told Plaintiff during an interview that he knew Plaintiff did not commit the crime. [*Id.*] Morton also slandered Plaintiff's name and coerced a statement in order to place Plaintiff under arrest. [*Id.*] The FIPD has a history of harassing Plaintiff by filing false evidence and false accusations against him and seizing two of his vehicles, and phones, and towing several of his vehicles. [*Id.*] Additionally, the City of Fountain Inn employs the above police officers and permits them to "pursue such misconduct." [*Id.* at 5.]

Leigh Paoletti ("Paoletti") is a Greenville County Assistant Solicitor, and she objected to Plaintiff giving consent to the public defender's office to release information to someone of his choice. [*Id.*] Then, two weeks later Paoletti released information to Plaintiff's children's mother and her mother, told them who Plaintiff converses with and attempted to cause conflict. [*Id.*] Further, Paoletti has omitted certain information to the judge. [*Id.*]

While at the GCDC, Plaintiff has caught staff infection on his cheek and pneumonia. [*Id.*] Some of Plaintiff's property has "come up missing," and that has not been resolved. [*Id.*]

Based on those facts, Plaintiff contends that Paoletti violated his privacy and committed defamation, libel, and slander. [Doc. 1 at 5; Doc. 1-2 at 1.] He alleges that the FIPD also committed defamation, libel, slander, and private nuisance. [Doc. 1-2 at 1.] In

2

general, he contends harassment, conflict, invasion of privacy, misconduct, false charges and accusations, coercion, false evidence, faulty police methods, violation of due process, loss of employment, mental distress, instability, and depression, loss of property, money, and liberty, illegal search and seizure, family endangerment, false imprisonment, releasing information to people uninvolved in the case, bias, ignoring complaints, delay in the case, and missing events (birth, Christmas, holidays, etc.). [Doc. 1 at 2–3; Doc. 1-2 at 1.]  On February 12, 2015, Plaintiff submitted a document seeking to add a claim for breach of contract against the GCDC.  [Doc. 1-4.]

For his relief, Plaintiff seeks $2.5 million from Simms, Hawkins, Morton, the FIPD, and the City of Fountain Inn. [Doc. 1 at 6.]  He also seeks $2.5 million from Paoletti, the Greenville County Solicitor's Office, and the GCDC. [*Id.*]

This Court takes judicial notice that Plaintiff has pending charges of murder and possession of weapon during a violent crime in the Greenville County Court of General Sessions.  *See* Greenville County 13th Judicial Circuit Public Index, http://www.greenvillecounty.org/SCJD/PublicIndex/PIError.aspx, (enter "Jacoby Jamar Gregory" and "search,"  click on "2013A2320200306" and "2013A2320200307" click on "Charges") (last visited Feb. 12, 2015); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). From those records, it appears that he was arrested on those charges on October 4, 2013, and the indictment was true billed on September 16, 2014.

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented,

4

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

This Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint should be dismissed for several reasons—it fails to allege facts upon which relief may be granted, certain defendants have immunity from suit, and certain defendants are not persons subject to suit. Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as

5

an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

As to Plaintiff's claims related to the jail conditions—i.e., his staff infection and pneumonia, and lost or stolen property—he fails to state a claim on which relief may be granted. He does not allege any facts related to the staff infection or pneumonia, such as when he contracted each condition, how long he had it, and whether he received medical treatment. The allegations do not provide sufficient factual content to state a claim for deliberate indifference to a serious medical need. *See Jackson v. Lightsey*, 775 F.3d 170 (4th Cir. 2014). And, there is no information as to what property is missing and the circumstances. Further, Plaintiff appears to bring those claims only against the GCDC, and the GCDC is not subject to suit under § 1983. It is well settled that inanimate objects such as buildings, facilities, and grounds do not qualify as "persons" and cannot act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301

6

(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Here, the GCDC is a department, group of buildings, or a facility, and it is not considered a person subject to suit under 42 U.S.C. § 1983. Similarly, to the extent Plaintiff may be attempting to sue the staff of GCDC, he also fails to state a claim against it. The staff of GCDC is a group of people employed there, but groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons).

As to Plaintiff's claims of misconduct during the police investigation and the handling of the pending criminal proceeding against him, liberally construed he seeks to have this Court interfere with the state proceedings. He contends, among other things, that he is falsely imprisoned and missing life events outside of jail, his case has been unreasonably delayed, he was coerced into giving a statement, and the evidence against him is false. Because a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances, this Court should abstain from interfering with it. In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*

*v. Harris*, 401 U.S. 37, 43-44 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, Plaintiff is involved in ongoing state criminal proceedings. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). This Court finds that Plaintiff should have adequate opportunity to raise his federal constitutional rights in the state trial and post-trial proceedings, and he may contend in those proceedings that his case has been unreasonably delayed, he was coerced into giving a statement, and the evidence against him is false. Therefore, to the extent Plaintiff seeks to use this lawsuit to interfere with the pending state criminal proceedings against him, this Court should abstain from hearing this action.

To the extent Plaintiff brings a malicious prosecution claim against Simms, Hawkins, and Morton under § 1983, that is properly understood as a Fourth Amendment claim for unreasonable seizure. *See Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (explaining that to state such a claim a plaintiff must allege "that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor," and that "officers may be liable when they have lied to or misled the prosecutor"). Plaintiff has not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature. Also, Plaintiff fails to state cognizable claims for malicious prosecution and false arrest under § 1983 because a grand jury indictment is affirmative evidence of probable cause sufficient to defeat such claims, and it appears that Plaintiff was indicted on September 16, 2014. *See Gatter v. Zappile,* 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause), *aff'd*, 225 F.3d 648 (3rd Cir. 2000).

Additionally, Plaintiff's allegation against the FIPD fails to state a cognizable claim. Defendant FIPD is not subject to suit under § 1983 because it is not a person. Although Plaintiff may be attempting to sue the entire City of Fountain Inn police department, which is a lawsuit against a group of people, as discussed above, groups of people are not amenable to suit under § 1983. Further, sheriffs' departments and police departments usually are not considered legal entities subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.,* C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that Food Service Supervisors was a

9

group of people not subject to suit); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons).

Similarly, Plaintiff's allegation against the City of Fountain Inn fails to state a cognizable claim. He seeks to hold the city liable because it employs certain police officers. The City of Fountain Inn cannot be liable pursuant to respondeat superior principles. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) ("municipalities are not liable pursuant to respondeat superior principles for all constitutional violations of their employees simply because of the employment relationship") (citing *Monell*, 436 U.S. at 692-94). A municipality may not be held liable under § 1983 solely because it employs the tort-feasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397 (1997). Because Plaintiff has not identified any actionable policy or custom, the City of Fountain Inn should be dismissed.

Defendants Paoletti and the Greenville County Solicitor's Office should be dismissed based on immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* S.C. Const. art. V, § 24; and S.C. Code Ann. § 1-7-310. Prosecutors, including Paoletti, have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341–45 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding", "appears in court to present evidence in support of a search

warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies.  *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).  Paoletti's alleged wrongful conduct relates to her handling of the criminal charges against Plaintiff, working on the case, and discussing it with potential witnesses, and her appearance before a judge in that case.  This alleged conduct is intricately related to the judicial process and to the prosecution of the State's case against Plaintiff.  Also, there is no alleged misconduct by the Greenville County Solicitor's Office.  Therefore, Paoletti, and her employer the Greenville County Solicitor's Office, have absolute immunity from this suit.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Plaintiff's allegations related to defamation, slander, and libel fail to state a cognizable claim under § 1983.  Although state law provides for a right of action for slander[1] or defamation,[2] an alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983.  *Paul v. Davis*, 424 U.S. 693, 697–710 & nn. 3-4 (1976).  Civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law.  *DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 200–03 (1989).  Thus, the alleged facts do not state a violation of the Constitution or a law of the United States.

---

[1]Slander usually refers to acts of defamation that are "expressed in a transitory form, esp. speech," while libel refers to acts of defamation that are expressed "in a fixed medium, esp. writing but also a picture, sign, or electronic broadcast."  Black's Law Dictionary (9th ed. 2009).

[2]Defamation is the "act of harming the reputation of another by making a false statement to a third person."  Black's Law Dictionary (9th ed. 2009).

11

Lastly, to the extent Plaintiff seeks to bring state law claims against Defendants, Plaintiff may do so under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Plaintiff's allegations indicate that Plaintiff and several Defendants are considered to be domiciled in South Carolina; thus, complete diversity is lacking. Accordingly, this Court has no diversity jurisdiction over this action.

## RECOMMENDATION

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

                                                              s/Jacquelyn D. Austin
                                                              United States Magistrate Judge

February 18, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).